MARGARET M. LARKIN and SUSAN S. STITES *vs.* JOHN H. SIMMS, Administrator of JOSHUA L. SIMMS, deceased.

*Orphans' Court—Administrators—Exceptions to Accounts—Married Women—Coverture—Disability of Statute; Construction of—Statute of Limitations.*

1. Statutes of limitation, when applicable, furnish a complete defense, and Courts should not by judicial legislation or strained construction interpose obstructions to their effective operation.

2. The Act of April 9, 1873, entitled "An Act for the protection of women," (*14 Laws of Del.*, *638*), as amended by the Act of March 17, 1875 (*15 Ib. 289*), having made the property of a married woman her sole and separate property, and having enabled her to prosecute and defend suits at law and in equity for the preservation and protection of the same, as if unmarried, or jointly with her husband,—coverture is no longer a disability which prevents or delays the operation of the statute of limitations in respect to exceptions to accounts of executors, administrators or guardians.

3. In this case neither of the plaintiffs resided in the State at the time of the settlement of the account, or at any time since; and therefore is different, in the facts, from the case of *Allen, et. al., vs. Leach,* 7 *Del. Ch., 83,* in which the Chancellor held

that until the notice required by the Constitution is given, the statute of limitations does not begin to run.

(*June 27, 1900.*)

SPRUANCE, J., sitting.

*T. Bayard Heisel* for plaintiff.

*Harry P. Joslyn* for defendant.

Orphans' Court, New Castle County, March Term, 1900.

EXCEPTIONS TO ACCOUNT OF ADMINISTRATOR.

SPRUANCE, J.—Joshua L. Simms, a resident of the City of Wilmington, died intestate June 3, 1892. Letters of administration upon his estate were granted to the said John H. Simms by the Register of Wills for New Castle County, July 16, 1892. The first and final account of the administrator was filed with the said Register and settled January 16, 1894. Six exceptions to the said account were filed by the plaintiffs with the said Register, January 5, 1900.

The said account and exceptions were transmitted to and filed in this Court January 6, 1900.

On motion of the defendant, four of said exceptions were by order of the Court disallowed and stricken out on the ground that they were vague, uncertain and insufficient in form.

Of the remaining exceptions, one is to the allowance of a probated account of the said John H. Simms, and the other is to the allowance of a counsel fee in settlement of the estate.

With certain other pleas, the defendant pleaded the statute of limitations.

NOTE.—The above case was decided in the Orphans' Court, and is believed to be of such importance and interest to the bar, that it should appear in the law reports of the State.

At the hearing it appeared 'that the plaintiffs were two of the next of kin of the intestate; that at the time of the settlement of the said account they were both married women; that neither of them resided within this State at the time of the settlement of the said account, or at any time afterwards; that one of them resided in the State of New Jersey from 1890 to 1898, when she removed to the State of Pennsylvania, where she has since resided, and that the other of them has resided in the State of Pennsylvania since 1890.

*Section 16 of Article 6 of the Constitution of 1792* and *Section 21 of Article 6 of the Constitution of 1831* provide as follows:

"An executor, administrator or guardian shall file every account with the Register of the County, who shall as soon as conveniently may be carefully examine the particulars with the proofs thereof, in the presence of such executor, administrator or guardian, and shall adjust and settle the same, according to the very right of the matter and the law of the land ; which account so settled shall remain in his office for inspection ; and the executor, administrator or guardian, shall within three months after such settlement, give notice in writing to all persons entitled to shares of the estate, or to their guardians, respectively, if residing within the State, that the account is lodged in the said office for inspection."

*Section 34 of Article 4 of the Constitution of 1897* is substantially the same, in respect to accounts of executors and administrators.

By *Chapter 124 of the Revised Code, p. 891,* it is provided as follows :

"SECTION 7. No exceptions to an account of an executor, administrator or guardian, settled by the Register for the county, shall be received or filed in the Orphans' Court, after the expiration of three years from the settlement of said account.

"SECTION 8. The limitation of the foregoing section, with respect to any person under disability of infancy, coverture, or incompetency of mind, at the time of the settlement of any such account,

shall begin to run from the ceasing of such disability, and not from the time of such settlement."

The same provisions are found in the *Digest of 1829, p. p. 398–9,* and in the *Revised Code of 1852, p. 443.*

In *Allen et. al. vs. Leach, 7 Del. Ch., 83* (1894), Chancellor Wolcott, construing said constitutional and statutory provisions, held that, until the notice required by the Constitution is given, the statute of limitations does not begin to run—and that the statute was not a bar to the exceptions filed in that case more than three years after the settlement of the administrator's accounts. It should be observed that in that case it was admitted that no such notice had been given, and that the plaintiffs were residents of this State—although the latter fact does not appear from the report of the case.

In the present case it did not appear at the hearing whether the notice mentioned in the Constitution, or any other notice, had or had not been given to the plaintiffs, but it did appear, as we have seen, that neither of the plaintiffs was, or had been since the settlement of the account a resident of this State.

In the absence of proof of notice, it may be presumed that no notice was given, but the question remains whether the plaintiffs were entitled to notice.

The Constitution might have extended the requirement of notice in writing to all persons entitled, or provided some other mode of notice to those residing without the State, but only one mode of notice is prescribed, and that is expressly limited to persons "residing within the State." By the Act of February 11, 1867 (*Rev. Code, 694*) the Registers of Wills are required to record in their offices, and index, all accounts and settlements of executors, administrators and guardians. To require parties interested to take notice of such records would be no greater hardship than in the case of records of deeds, mortgages, judgments and similar public records.

Statutes of limitation often may be used for the defeat of just demands, but in general they are highly beneficial, and are sustained by sound public policy.

When applicable, they furnish a complete defense, and Courts should not by judicial legislation or strained construction interpose obstructions to their effective operation.

The Act of April 9, 1873, entitled "An Act for the protection of Women," (*14 Laws of Del., 638*) as amended by the act of March 17, 1875, (*15 Ib. 289*) having made the property of a married woman her sole and separate property, and having enabled her to prosecute and defend suits at law and in equity for the preservation and protection of the same, as if unmarried, or jointly with her husband, coverture is no longer a disability which prevents or delays the operation of the statute of limitations in respect to exceptions to accounts of executors, administrators or guardians.

The exceptions in this case having been filed after the expiration of three years from the settlement of the account of the administrator, and neither of the plaintiffs having resided within this State at the time of the settlement of said account, or at any time since, and neither of the plaintiffs having been at the time of said settlement, or at any time since, under any disability which would prevent or delay the operation of the statute of limitations, the said exceptions are barred by the statute.

And, now, to wit, this 27th day of June, 1900, it is ordered by the Court that the said exceptions be dismissed, and that the plaintiffs pay the costs of the same before the Register of Wills and in this Court, within sixty days or attachment.